IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CONRAD STULL,

    Petitioner,                               No. CIV S-09-0296 GGH P

    vs.

A. HEDGPETH,

    Respondent.                            ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. On February 13, 2009, petitioner consented to the jurisdiction of the undersigned.

        On February 6, 2009, the court ordered petitioner to file an affidavit to proceed in forma pauperis or to pay the filing fee. On April 13, 2009, petitioner filed an application to proceed in forma pauperis. Good cause appearing, petitioner's request to proceed in forma pauperis is granted.

        On April 6, 2009, petitioner filed a motion for the appointment of counsel or, in the alternative, a request to stay proceedings.

        There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present

time.

Petitioner requests that this action be stayed due to ongoing medical problems. Petitioner states that on March 26, 2009, he had surgery on his neck which he is now recovering from. He states that he will be in medical isolation for six to twelve weeks, following which time he may require additional surgery.

While the court is sympathetic to petitioner's medical issues, a stay is not necessary at this time. It is more than likely that at this time, petitioner himself will not have to file pleadings– respondent is unlikely to have a motion or answer on file which would require a response from petitioner within the time parameters set forth by petitioner. If for some reason the court's anticipation is not correct, petitioner can move for an extension of time in which to respond if necessary. For this reason, the court denies the motion to stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's April 6, 2009, motion for the appointment of counsel and to stay proceedings (Docket No. 6) is denied.

2. Petitioner's application to proceed in forma pauperis is granted;

3. Respondents are directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter; and

/////

6  The Clerk of the Court shall serve a copy of this order, *the consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court* together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: April 29, 2009

/s/ Gregory G. Hollows
-------
UNITED STATES MAGISTRATE JUDGE

stul0296.110+111