IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CONRAD STULL,

    Petitioner,               No. CIV S-09-0296 GGH P

  vs.

A. HEDGPETH,

    Respondent.         ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition, on which this action is proceeding, raises the following claims: 1) insufficient evidence to support petitioner's conviction for bringing drugs into the prison; 2) trial court erred in permitting admission of prejudicial evidence; 3) trial court erred in admitting late discovery; 4) trial counsel was ineffective for failing to object to inadmissible evidence; 5) appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to call an expert witness, etc.; 6) ineffective assistance of trial and appellate counsel for failing to argue insufficient evidence; 7) appellate counsel was ineffective for failing to argue that trial counsel was ineffective for presenting a faulty strategy; 8) insufficient evidence to support petitioner's convictions for possession of heroin and methamphetamine.

On July 29, 2009, respondent filed a motion to dismiss on grounds that not all of the claims raised in the petition are exhausted. In particular, respondent argues that claims 1 and 3-8 are not exhausted. On August 6, 2009, petitioner filed a motion to hold this action in abeyance while he exhausts state court remedies. In this motion petitioner states that he has exhausted three claims but needs to exhaust eight additional claims. Therefore, it appears that petitioner intends to raise eleven claims in his federal petition rather than the eight identified in the original petition.

In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. <u>Rhines</u>, <u>supra</u>, at 277-78, 125 S.Ct at 1535.

Petitioner's motion to stay does not address the <u>Rhines</u> factors (good cause, whether claims have merit, whether petitioner has diligently pursued his claims). In addition, petitioner has not filed an amended petition containing all of his claims. The original petition does not appear to contain the eleven claims listed in the motion to stay. For these reasons, petitioner's motion to stay is denied without prejudice. Within twenty days of the date of this order, petitioner shall file an amended motion to stay addressing the <u>Rhines</u> factors and an amended petition containing all of his claims, exhausted and unexhausted. The motion to stay must identify which claims are exhausted and which are not.

In the alternative, petitioner may proceed with a stay request as outlined in <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

For the reasons discussed above, respondent's motion to dismiss is vacated. If petitioner does not file a motion to stay, the court will reinstate the motion to dismiss. If petitioner files a motion to stay and respondent disputes which claims are exhausted, respondent

may raise this issue in opposition.

Petitioner has also filed a motion for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Because the court has vacated respondent's motion to dismiss, petitioner's motion for an extension of time to oppose the motion is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (no. 11) is vacated;

2. Petitioner's motion for extension of time to oppose the motion to dismiss (no. 14) is denied;

3. Petitioner's motion to hold this action in abeyance (no. 15) is denied without prejudice; petitioner is granted thirty days from the date of this order to file an amended motion to stay and an amended petition; if petitioner does not file these pleadings, the court will reinstate respondent's motion to dismiss;

4. Petitioner's motion for appointment of counsel (no. 16) is denied.

DATED: August 20, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kly
stul0296.111+110

3