1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES CONRAD STULL,

11            Petitioner,                    No. CIV S-09-0296 GGH P

12        vs.

13   A. HEDGPETH, et al.,

14            Respondents.                   ORDER

15   _____/

16   Introduction

17            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2004 convictions for

19   transportation of heroin (Cal. Health & Saf. Code § 11352(a)), transportation of

20   methamphetamine (Cal. Health & Saf. Code § 11379(a)); possession of heroin for sale (Cal.

21   Health & Saf. Code § 11351), bringing heroin and methamphetamine into prison (Cal. Health &

22   Saf. Code § 4573), and possession of heroin and methamphetamine in prison (Cal. Health & Saf.

23   Code § 4573.6).  Petitioner was also found to have suffered numerous prior serious felony

24   convictions.  He is serving a sentence of 25 years to life for each conviction, with all but one

25   stayed.

26   \\\\\

1          On February 13, 2009, petitioner filed a notice of consent to the jurisdiction of the

2   undersigned.  On June 29, 2009, respondent filed a notice of consent to the jurisdiction of the

3   undersigned.

4          For the following reasons, respondent's June 29, 2009, motion to dismiss is

5   reinstated.

6   Background

7          On June 29, 2009, respondent filed a motion to dismiss on grounds that not all of

8   the claims raised in the petition were exhausted.  On August 6, 2009, petitioner filed a motion to

9   hold this action in abeyance while he exhausted state court remedies.

10          On August 20, 2009, the undersigned vacated respondent's motion to dismiss and

11   denied petitioner's motion to stay because it failed to address the factors in Rhines v. Weber, 544

12   U.S. 269, 125 S.Ct. 1528 (2005).  The court granted petitioner twenty days to file an amended

13   motion addressing the Rhines factors and an amended motion containing all of his claims,

14   exhausted and unexhausted.  In the alternative, the undersigned ordered that petitioner could

15   proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  It was

16   further ordered that if petitioner did not file a motion to stay, respondent's motion to dismiss

17   would be reinstated.

18          On September 8, 2009, petitioner filed a request for extension of time to respond

19   to the August 20, 2009, order.  On September 16, 2009, the undersigned granted petitioner thirty

20   days to comply with this order.  Thirty days passed and petitioner has not filed any pleading.

21   Accordingly, respondent's motion to dismiss is reinstated.

22   Discussion

23          The original petition, on which this action is proceeding, raises the following

24   claims: 1) insufficient evidence to support petitioner's conviction for bringing drugs into the

25   prison; 2) trial court erred in permitting admission of prejudicial evidence; 3) trial court erred in

26   admitting late discovery; 4) trial counsel was ineffective for failing to object to inadmissible

1   evidence; 5) appellate counsel was ineffective for failing to argue that trial counsel was

2   ineffective for failing to call an expert witness, etc.; 6) ineffective assistance of trial and appellate

3   counsel for failing to argue insufficient evidence; 7) appellate counsel was ineffective for failing

4   to argue that trial counsel was ineffective for presenting a faulty strategy; 8) insufficient evidence

5   to support petitioner's convictions for possession of heroin and methamphetamine.

6          In the July 29, 2009, respondent argues that not all of the claims raised in the

7   petition are exhausted.  In particular, respondent argues that claims 1 and 3-8 are not exhausted.

8          The exhaustion of state court remedies is a prerequisite to the granting of a

9   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

10  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

11  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

12  providing the highest state court with a full and fair opportunity to consider all claims before

13  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

14  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

15         Petitioner filed a direct appeal of his conviction in state court but no state habeas

16  corpus petitions.   In the petition for review filed in the California Supreme Court petitioner

17  raised two claims.  Respondent's Lodged Document 4.  First, petitioner argued that there was

18  insufficient evidence to support his conviction.  Id.  Second, petitioner argued that the trial court

19  allowed evidence of prejudicial evidence after petitioner testified which it had previously held

20  excluded as a sanction for failure to provide discovery.  Id.

21         Claim 2 of the instant petition, which respondent concedes is exhausted, is the

22  same as the second claim raised in the petition for review.  It appears that petitioner is basing

23  claim 1of the instant petition, alleging insufficient evidence, on the same grounds as claim 1 of

24  the petition for review.  For that reason, the court finds that claim 1is exhausted.

25         In a situation where some claims are exhausted, and some not, nothing precludes

26  the court from proceeding on the exhausted claims if the unexhausted claims are dismissed or

1 | stricken, thereby leaving a exhausted claims only petition.  Accordingly, the motion to dismiss

2 | claim 1is denied but granted as to claims 3-8.

3 |       Because the unexhausted claims are dismissed, respondent is ordered to file a

4 | response to exhausted claims 1 and 2.

5 |       Accordingly, IT IS HEREBY ORDERED that:

6 |       1.  Respondent's June 29, 2009, motion to dismiss (no. 11) is reinstated;

7 |       2.  The motion to dismiss (no. 11) is denied as to claim 1 and granted as to claims

8 | 3-8;

9 |       3. Within twenty-eight days of the date of this order, respondent shall file a

10 | response to claims 1 and 2; petitioner may file a reply to the response within twenty-eight days

11 | thereafter.

12 | DATED: November 17, 2009

        /s/ Gregory G. Hollows

_____

UNITED STATES MAGISTRATE JUDGE

st296.mtd

_____

4