IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CONRAD STULL,

    Petitioner,                    No. CIV S-09-0296 GGH P

    vs.

A. HEDGPETH, et al.,

    Respondents.               ORDER

_____/

         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed. Both parties have consented to the jurisdiction of the undersigned.

         Pending before the court is petitioner's January 11, 2010, motion to stay this action for exhaustion of additional claims. On February 22, 2010, respondent was ordered to show cause for his failure to respond to this motion. On March 1, 2010, respondent filed an opposition and response to the order to show cause. Good cause appearing, the order to show cause is discharged.

         For the following reasons, petitioner's motion to stay is denied.

         In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the

1

claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

In the motion to stay, petitioner states that after the California Supreme Court denied his petition for review, for which he was represented by counsel, he spent months seeking new counsel to represent him. However, due to his indigent status, he could not afford to hire new counsel. Petitioner then sought the assistance of other prisoners more familiar with the law but they also required that he pay them for their services, which he was unable to do. Petitioner states that he then did his best to continue petitioning the courts, representing himself. Petitioner alleges that his ability to litigate his claims in state court has been impacted by his ignorance of the law.

Following the Ninth Circuit's guidance in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the undersigned finds that good cause cannot be based on mere ignorance of the law because such a finding "would render stay-and-abey orders routine" and thus, "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances." Wooten, 540 F.3d at 1024 (a petitioner's mere "impression" that his attorney had included a claim in an appellate brief did not constitute good cause for the petitioner's failure to exhaust; such a standard would render stay and abey orders routine); see also Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (ignorance of the law does not constitute an excuse from due diligence). For these reasons, the undersigned does not find that petitioner's ignorance of the law is good cause pursuant to Rhines.

In the motion to stay, petitioner may also be suggesting that inadequate law library access prevented him from timely exhausting his new claims. Petitioner states that he has been refused access to the law library in his present and past housing assignments. Because petitioner was able to file the original petition and other pleadings in this action, it is clear that he has not been completely denied law library access. Other than this conclusory assertion, petitioner does

not describe how inadequate law library access prevented him from timely exhausting his new claims.

In Pittman v. Hense, No. CV 09-5044-VAP (RNB), 2009 WL 4348428 (C.D.Cal. Dec.1, 2009), the district court considered the effect of a petitioner's "lack of legal training, difficulty of obtaining facts while incarcerated, lack of resources, and although at times at liberty, attorney induced delays in the misinformation of available options." Id. at *3. The district court held that,

> [I]f a pro se habeas petitioner's lack of legal training, difficulty in obtaining facts while incarcerated, lack of legal resources, and/or lack of knowledge of the law and his options were sufficient to satisfy Rhines's 'good cause' requirement, the Supreme Court's observation in Rhines that 'stay and abeyance should be available only in limited circumstances' would be eviscerated because virtually every pro se habeas [petitioner] could show 'good cause' for his failure to present his unexhausted claims first to the state court.

Id. at *3.

Accordingly, petitioner's lack of law library access, as described in the motion to stay, is not good cause pursuant to Rhines. Moreover, it does not appear that the claims sought to be exhausted depended on legal research. These claims are factual in nature, some relate to already stated claims, and there is insufficient reason for not having a Rhines motion sometime ago.

The court has given much consideration to petitioner's request herein. Nothing herein is meant to be a criticism of petitioner or his efforts in this case. Moreover, nothing prevents petitioner from attempting to exhaust his unexhausted claim immediately, and then seeking leave to amend, if the petition remains pending at that time. The undersigned states no opinion at this time that amendment at a later time would be legally appropriate, or that the statute of limitations would not bar the claims, or some of them, in any event.

\\\\\

\\\\\

\\\\\

Finally, the undersigned notes that petitioner did not move for a stay pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).[1] There are tactical reasons for not seeking a stay pursuant to King, and the court will not presume it knows whether those tactical reasons are weighty or minimal in this case. The undersigned will not undertake to make such a request *sua sponte*.

For the reasons discussed above, the motion to stay is denied. The unexhausted claims contained in the amended petition filed January 11, 2010, are dismissed without prejudice. Respondent shall file an answer to the claims raised in the amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 22, 2010, order to show cause is discharged;

2. Petitioner's motion to stay (no. 27) is denied; the unexhausted claims raised in the amended petition are dismissed;

3. Within twenty-eight days of the date of this order, petitioner shall file a traverse to the Answer filed on December 14, 2009 addressing Exhausted Claims 1 and 2.

DATED: April 6, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

st296.156

---

[1] In King, the Ninth Circuit recently held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claim adjudicated during the pendency of such a stay.