1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES CONRAD STULL,

11              Petitioner,              No. CIV S-09-0296 GGH P

12        vs.

13   A. HEDGPETH, et al.,

14              Respondent.              ORDER

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both

18   parties consent. Doc. 5, 13.

19              This action is proceeding on the original petition filed February 2, 2009. The

20   original petition raised eight claims. Respondent brought a motion to dismiss asserting that most

21   claims were unexhausted. In a written order, the undersigned initially vacated the motion to

22   dismiss advising petitioner of the two alternatives for a seeking a stay pending exhaustion.

23   Petitioner was ordered to file an amended petition, along with a motion to stay, within 28 days

24   from August 20, 2009; an extension of time of 30 days was granted on September 16, 2009.

25   However, on November 17, 2009, petitioner, not having filed an amended petition or motion to

26   stay, or having otherwise communicated with the court, the undersigned reinstated the motion to

dismiss.  All claims save Claims 1 and 2, were dismissed as unexhausted, and respondent was ordered to answer those claims.  Petitioner was ordered to file a traverse 28 days after the answer.

On December 4, 2009, petitioner filed a motion for a 30 day extension to file a motion to stay, as petitioner stated he had not received several court orders.  Before the court could address petitioner's request, respondent duly filed their answer on December 14, 2009. The undersigned then granted petitioner 21 days to file a motion to stay and an amended petition. Petitioner filed an "Unperfected Petition for Writ of Habeas Corpus and Motion to Stay" on January 11, 2010.

On April 6, 2010, the undersigned denied the motion to stay and dismissed the unexhausted claims.  That order also stated that respondent shall file an answer to the unexhausted claims in the amended petition and later that petitioner should file a traverse. However, the exhausted claims in the amended petition were identical to the unexhausted claims in the original petition, which of course, respondent filed an answer to on December 14, 2009.

Petitioner never filed a traverse.  The undersigned believes that it is possible due to the complex nature of the procedural history, petitioner could be waiting for an answer to the amended petition before he files a traverse.  Rather than immediately rule on the habeas petition, and mindful of petitioner's pro se status, petitioner will be given another opportunity to file a traverse.[1]

Within twenty-eight days from service of this order, petitioner may, but is not required to, file a traverse to respondent's December 14, 2009 answer.

Accordingly, IT IS HEREBY ORDERED that

1.  Within twenty-eight days of service of this order, petitioner may, but is not required to, file a traverse to respondent's December 14, 2009 answer.

\\\\\

---

[1] As the exhausted claims are identical in both petitions, the undersigned does not believe that respondent would want to file a new answer.

1         2.  The Clerk of the Court is directed to send petitioner a copy of the December

2 14, 2009 answer, (Doc. 24).

3 Dated: September 30, 2010

                                            /s/ Gregory G. Hollows

4                                     _____

                                    UNITED STATES MAGISTRATE JUDGE

5 ggh:ab

stul0296.ord

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26